# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| SHANNON'S RAINBOW, LLC, a Utah limited liability company; et al., <br><br> Plaintiffs, <br><br> v. <br><br> SUPERNOVA MEDIA, INC., a New York corporation; et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:08-cv-880-TS-PMW <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Paul M. Warner |

District Judge Ted Stewart referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] The primary matters before the court are Supernova Media, Inc., et al.'s (collectively, "Defendants") motion to disqualify counsel for Shannon's Rainbow, LLC, et al. (collectively, "Plaintiffs")[2] and Plaintiffs' motion for sanctions against Defendants' counsel.[3] Plaintiffs have filed several motions related to Defendants' motion to disqualify, which are also before the court. Specifically, Plaintiffs have filed a motion to stay proceedings related to Defendants' motion to disqualify,[4] a motion for leave to file a surreply on

---

[1] *See* docket no. 56.

[2] *See* docket no. 109.

[3] *See* docket no. 137.

[4] *See* docket no. 120.

Defendants' motion to disqualify,[5] and a motion to strike a new claim raised by Defendants in their reply memorandum on their motion to disqualify.[6] Plaintiffs have also filed a request to submit for decision on a previously filed motion for contempt and sanctions,[7] as well as a request for a scheduling conference.[8] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine all of the above-referenced matters on the basis of the written submissions. *See* DUCivR 7-1(f).

## I. Defendants' Motion to Disqualify

The moving party bears the burden on a motion to disqualify. *See Parkinson v. Phonex Corp.*, 857 F. Supp. 1474, 1480 (D. Utah 1994);[9] *City Consumer Servs., Inc. v. Horne*, 571 F. Supp. 965, 970, 974 (D. Utah 1983). In addition, "[i]t should be observed that federal courts have treated a motion for disqualification as one that should only rarely be granted." *Parkinson*, 857 F. Supp. at 1480.

---

[5] *See* docket no. 134.

[6] *See* docket no. 135.

[7] *See* docket no. 122.

[8] *See* docket no. 133.

[9] The reported case for *Parkinson* contains both the magistrate judge's ruling and the district judge's subsequent ruling on a motion for reconsideration of the magistrate judge's ruling. *See Parkinson*, 857 F. Supp. at 1474-1484. Because the district judge upheld the ruling of the magistrate judge, *see id*. at 1474-1478, this court will rely upon and cite to both rulings, as necessary, in this memorandum decision and order.

The control of attorneys' conduct in litigation is within the supervisory powers of the district court and, therefore, is a matter of judicial discretion. *See Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 (10th Cir. 1994). "Motions to disqualify are governed by two sources of authority. First, attorneys are bound by the local rules of the court in which they appear. Federal district courts usually adopt the Rules of Professional Conduct of the states where they are situated." *Id.*; *see* DUCivR 83-1.1(g) (providing that all attorneys practicing before this court "are governed by and must comply with the rules of practice adopted by this court, and unless otherwise provided by [the Rules of Practice for the United States District Court for the District of Utah], with the Utah Rules of Professional Conduct, as revised and amended and as interpreted by this court").

> Second, because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards developed under federal law. Therefore, motions to disqualify are governed by the ethical rules announced by the national profession and considered in light of the public interest and the litigants' rights.

*Cole*, 43 F.3d at 1383 (quotations and citations omitted); *see Parkinson*, 857 F. Supp. at 1480 (stating that the legal standard applicable to a motion to disqualify "is the law of the Tenth Circuit or this district").

Further guidance on disqualification of counsel is provided in *Parkinson*, which sets forth the following foundational concepts for evaluation of motions to disqualify. *See Parkinson*, 857 F. Supp. at 1475-78. Attorneys before this court are bound by the Utah Rules of Professional Conduct, *see* DUCivR 83-1.1(g), and those rules may be relevant to the analysis of a motion to disqualify. However, the fact that an attorney's conduct violates any one of those rules "does not

require disqualification of counsel as a matter of course." *Parkinson*, 857 F. Supp. at 1476 (quotations and citations omitted). Standards for professional conduct meant to be enforced by entities governing the practice of law cannot be enforced effectively by the court during litigation because the considerations in each forum are different. *See id*. Courts cannot hope to "correct all possible ethical conflicts" because "this laudable goal cannot be attained through rulings in the course of litigation without inviting the wholesale filing of motions for tactical reasons. The result would be needless disruption and delay of litigation, thereby impairing the efficient administration of justice." *Id*. (quotations and citations omitted). Therefore, "[w]here a threat of tainting the trial does not exist, . . . the litigation should proceed, [with] the remedy for unethical conduct lying in the disciplinary machinery of the state and federal bar." *Id*. (quotations and citations omitted). Disqualification should be ordered "only upon a finding that presence of a particular counsel will taint the trial by affecting his or her presentation of a case." *Id*. (quotations and citations omitted).

"The sanction of disqualification of counsel in litigation should be measured by the facts of each particular case . . . ." *Id*. (quotations and citations omitted). In undertaking that fact-sensitive analysis, the *Parkinson* court provided several factors to be considered ("*Parkinson* factors"), *see id*., which will be addressed below. Before addressing the *Parkinson* factors, however, the court will first address Defendants' arguments concerning Plaintiffs' counsel's alleged violations of the Utah Rules of Professional Conduct.

## A. Rules of Professional Conduct

Relying on their recitation of the facts, Defendants argue that Plaintiffs' counsel has violated various provisions of the Utah Rules of Professional Conduct. Not surprisingly, Plaintiffs' counsel disagrees and presents a drastically differing view of the facts underlying Defendants' motion to disqualify.

Given that many, if not all, of those facts are disputed, the court concludes that Defendants' have failed to carry their burden of demonstrating conclusively that Plaintiffs' counsel has committed any violations of the Utah Rules of Professional Conduct. Furthermore, it is not this court's role to resolve those factual disputes by conducting what would amount to a "trial-within-a-trial" on the issue of whether Plaintiffs' counsel has violated of the Utah Rules of Professional Conduct. As the court has noted, standards for professional conduct meant to be enforced by entities governing the practice of law cannot be enforced effectively by the court during litigation because the considerations in each forum are different. *See id*.

Furthermore, while the court renders no opinion on the issue, even if Defendants had been able to carry their burden of demonstrating that Plaintiffs' counsel had committed any violations of the Utah Rules of Professional Conduct, that would "not require disqualification of counsel as a matter of course." *Id*. (quotations and citations omitted). Instead, the ultimate issue is whether Plaintiffs' counsel's continued representation of Plaintiffs would "taint the trial by affecting his or her presentation of a case." *Id*. (quotations and citations omitted). Accordingly, the court turns to consideration of the *Parkinson* factors to address that issue.

## B. *Parkinson* Factors

In its consideration of a motion to disqualify, the *Parkinson* factors direct the court to consider: (1) the egregiousness of the violation, (2) the presence or absence of prejudice to the other side, (3) hardship to the other side, (4) whether and to what extent there has been a diminution of effectiveness of counsel, and (5) the stage of trial proceedings. *See id*. This list of factors is not exhaustive, but instead is merely illustrative of the facts that may be pertinent. *See id*. The court reiterates that each case must be examined "on its own specific facts" and that "[t]he essential issue to be determined in the context of litigation is whether the alleged misconduct taints the lawsuit." *Id*. (quotations and citations omitted).

The court now turns to a consideration of those factors in this case. First, for the reasons stated above, Defendants have not carried their burden of demonstrating that Plaintiffs' counsel has committed any violations of the Utah Rules of Professional Conduct. Accordingly, it follows that Defendants have not demonstrated egregiousness. Second and third, the court concludes that Defendants have failed to carry their burden of demonstrating prejudice or hardship. Although Defendants assert that they will be prejudiced, that assertion is based entirely on Plaintiffs' counsel's alleged violations of the Utah Rules of Professional Conduct. Again, the court notes that Defendants have failed to carry their burden of demonstrating that Plaintiffs' counsel has committed any such violations. Fourth, the court does not see any diminution in the effectiveness of counsel for either party. Fifth and finally, given the court's consideration of the other factors, the court does not believe the stage of the case is particularly relevant here. Nevertheless, to the extent it is relevant, the court concludes that it weighs in favor of allowing

Plaintiffs' counsel to continue representing Plaintiffs.  Although this case is still in the early stages from a procedural standpoint and there is currently no scheduled trial date, the case has been pending for nearly two years without a scheduling order because of the many motions that have been filed to date, including a pending motion to dismiss[10] and several pending motions for injunctive relief.[11]  Plaintiffs' counsel has participated in all of that motion practice and appears to be intimately familiar with the case.

In sum, the court has determined that Plaintiff's counsel's continued representation of Plaintiffs in this case does not "taint[] the lawsuit." *Id*. at 1476 (quotations and citations omitted).  The court also concludes that Defendants have failed to carry their burden of demonstrating that Plaintiffs' counsel has engaged in "the type of [egregious] conduct generally associated with the harsh sanction of disqualification." *Id*. at 1477.  Accordingly, Defendant's motion to disqualify is denied.

## II.  Plaintiffs' Motions Related to Defendants' Motion to Disqualify

Because the court has now ruled upon Defendants' motion to disqualify, Plaintiffs' motion to stay proceedings related to that motion is denied.  In addition, in reaching the ruling on Defendants' motion to disqualify, the court did not deem it necessary to consider Plaintiffs' surreply or to strike any portions of Defendants' reply memorandum.  Accordingly, Plaintiffs' motion for leave to file a surreply and motion to strike are also denied.

---

[10] *See* docket no. 98.

[11] *See* docket nos. 141, 158.

### III. Plaintiffs' Motion for Sanctions

Pursuant to rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927,[12] Plaintiffs move the court for sanctions against Defendants' counsel for filing their motion to disqualify. A district court's decision about whether to impose sanctions under either rule 11 or 28 U.S.C. § 1927 is reviewed for an abuse of discretion. *See Roth v. Green*, 466 F.3d 1179, 1187 (10th Cir. 2006).

Plaintiffs assert that Defendants' counsel failed to make a reasonable inquiry into the facts alleged in support of their motion to disqualify and that, consequently, the motion "entirely lacked factual support."[13] *See* Fed. R. Civ. P. 11(b)(3). Plaintiffs also assert that based on "Defendants' unexplained and inexplicable delay"[14] in filing their motion to disqualify, the motion was filed for an improper purpose. *See* Fed. R. Civ. P. 11(b)(1). Finally, Plaintiffs assert that Defendants' counsel should be sanctioned under 28 U.S.C. § 1927 for "multipl[ying] the proceedings in [the] case unreasonably and vexatiously." 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by

---

[12] The captions of Plaintiffs' motion for sanctions and supporting memorandum indicate that the motion is being brought, in part, pursuant to "42 U.S.C. § 1927." Docket nos. 137, 138. In the text of the supporting memorandum, however, Plaintiffs refer to 28 U.S.C. § 1927. Because "42 U.S.C. § 1927" does not appear to exist in the United States Code, the court presumes that Plaintiffs intended all references to be to 28 U.S.C. § 1927, which governs counsel's liability for excessive costs. *See* 28 U.S.C. § 1927.

[13] Docket no. 137 at 3.

[14] *Id*.

the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").

In response, Defendants assert that their motion to disqualify has evidentiary and factual support and was not filed for an improper purpose. Defendants also assert that Plaintiffs' motion for sanctions itself violates rule 11 and that Defendants should be awarded the attorney fees expended to oppose it.

In its discussion concerning Defendants' motion to disqualify, the court determined that the facts underlying that motion are disputed. The court also determined that this is not the appropriate forum to resolve those disputed issues of fact. While each side may have its own view of the facts, both Plaintiffs and Defendants have cited evidentiary and factual support for their respective positions. Accordingly, the court cannot conclude that Defendants' motion to disqualify lacked any factual support whatsoever, as Plaintiffs claim. Although Plaintiffs clearly disagree with Defendants' version of the facts, that does not compel the conclusion, as Plaintiff has asserted, that Defendants "have utterly and unabashedly lied and perjured themselves."[15]

Given the disputed nature of the facts underlying Defendants' motion to disqualify, the court cannot conclude that Defendants' counsel failed to make a reasonable inquiry into the facts, filed the motion for an improper purpose, or filed the motion to "multipl[y] the proceedings in [the] case unreasonably and vexatiously." 28 U.S.C. § 1927. With respect to the timing of Defendants' motion to disqualify, any delay in bringing that motion is not, as Plaintiffs assert,

---

[15] Docket no. 138 at iii.

"unexplained and inexplicable."[16] To the contrary, Defendants have provided an explanation for the timing of their motion, and the court is satisfied with that explanation.

For these reasons, Plaintiffs' motion for sanctions is denied. Defendants' request for an award of attorney fees incurred in connection with Plaintiffs' motion is likewise denied.

## IV. Plaintiffs' Request to Submit for Decision

In this request to submit, Plaintiffs ask the court to rule on a portion of Plaintiffs' Motion to Amend the Complaint, for Contempt and Sanctions, or Alternatively, for Leave to Conduct Live Discovery, which Plaintiffs assert was filed on September 28, 2009. Plaintiffs assert that the court has not yet ruled on the portion of that motion related to contempt and sanctions. Defendants opposed Plaintiffs' request, asserting that the motion in question has been stayed. Not only does Plaintiffs' request lack any merit, but both parties' filings demonstrate their misunderstanding of the docket in this case.

First, there is no motion on the docket dated September 28, 2009. The motion to which Plaintiffs appear to be referring was filed on October 14, 2009.[17]

Second, while Plaintiffs claim to have submitted a copy of the relevant motion as an exhibit to their request to submit, that exhibit contains only a supporting memorandum dated September 28, 2009, which the court is unable to find anywhere on the docket. Instead, as best the court can tell, that exhibit appears to be a previous version of the supporting memorandum actually submitted in support of the motion filed on October 14, 2009.

---

[16] Docket no. 137 at 3.

[17] *See* docket no. 54.

Finally, and most importantly, both parties have ignored the fact that the portion of the motion that is the subject of Plaintiffs' request to submit has already been ruled on by the court. In a sealed memorandum decision and order dated February 8, 2010, Judge Stewart ruled upon that portion of the motion.[18]

For these reasons, Plaintiffs' request to submit is denied.

### V. Plaintiffs' Request for Scheduling Conference

Plaintiffs request that the court conduct a scheduling conference so that they can move forward with discovery. Defendants oppose that request. Defendants assert that until the court rules on the pending motion to dismiss,[19] holding a scheduling conference is both unnecessary and inappropriate. The court agrees with Defendants. Until Judge Stewart renders a ruling on the pending motion to dismiss, entering a scheduling order and allowing the parties to conduct any discovery would be premature. Accordingly, Plaintiffs' request is denied.

* * * * *

In summary, **IT IS HEREBY ORDERED:**

1. Defendants' motion to disqualify Plaintiffs' counsel[20] is **DENIED**.

2. Plaintiffs' motion to stay proceedings related to Defendants' motion to disqualify[21] is **DENIED**.

---

[18] See docket no. 84.

[19] See docket no. 98.

[20] See docket no. 109.

[21] See docket no. 120.

3. Plaintiffs' motion for leave to file a surreply on Defendants' motion to disqualify[22] is **DENIED**.

4. Plaintiffs' motion to strike a new claim raised by Defendants in their reply memorandum on their motion to disqualify[23] is **DENIED**.

5. Plaintiffs' motion for sanctions[24] is **DENIED**. Defendants' request for an award of attorney fees incurred in connection with Plaintiffs' motion for sanctions is also **DENIED**.

6. Plaintiffs' request to submit for decision on their previously filed motion for contempt and sanctions[25] is **DENIED**.

7. Plaintiffs' request for a scheduling conference[26] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 8th day of September, 2010.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[22] *See* docket no. 134.

[23] *See* docket no. 135.

[24] *See* docket no. 137.

[25] *See* docket no. 122.

[26] *See* docket no. 133.