IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SHANNON'S RAINBOW LLC, a Utah limited liability company; SHANNON'S RAINBOW LLC, a Delaware limited liability company; SHANNON'S RAINBOW PRODUCTION, a Pennsylvania limited liability company;<br><br>Plaintiffs,<br><br>vs.<br><br>SUPERNOVA MEDIA, INC., a New York corporation; JOYCELYN ENGLE a/k/a JOYCELYN DIPALMA, an individual; JULIANNE MICHELLE, an individual; and Does 1-100,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO TREAT DEFENDANTS' MOTION TO DISMISS AS A MOTION FOR SUMMARY JUDGMENT AND FOR ADDITIONAL TIME TO CONDUCT DISCOVERY<br><br><br>Case No. 2:08-CV-880 TS |

The Court has now before it Plaintiffs[1] Motion to treat Defendants' Motion to Dismiss as a Motion for Summary Judgment and For Additional Time to Conduct Discovery ("Plaintiffs' Motion").[2]

Plaintiffs are correct in asserting that matters outside the Complaint cannot be considered by the Court on a Fed.R.Civ.P. 12(b)(6) motion. In deciding a 12(b)(6) motion to dismiss, a court should only consider the complaint, its exhibits and "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[3]

In opposition to Plaintiffs' Motion, Defendants point out that the only documents referred to in the 12(b)(6) motion to dismiss that are not included in the Complaint are two exhibits attached to Defendants' reply memorandum.[4] Defendants argue that the two exhibits are not necessary to decide the merits of Defendants' 12(b)(6) motion and request the two exhibits be withdrawn. The Court finds Defendants' arguments well taken. Because these exhibits are not necessary to decide the merits of Defendants' 12(b)(6) motion, and in light of the fact that Defendants have voluntarily withdrawn the exhibits, the Court will deny Plaintiff's motion.

It is therefore

ORDERED that Plaintiffs' Motion (Docket No. 175) is DENIED.

---

[1] Shannon Rainbow, LLC, a Utah limited liability company, Shannon's Rainbow, LLC, a Delaware limited liability company, and Shannon's Rainbow Productions, a Pennsylvania limited liability company (collectively, "Plaintiffs").

[2] Docket No. 175.

[3] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 and Supp. 2007)).

[4] *See* Docket No. 117.

DATED   November 3, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge