IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SHANNON'S RAINBOW LLC, a Utah limited liability company; SHANNON'S RAINBOW LLC, a Delaware limited liability company; SHANNON'S RAINBOW PRODUCTION, a Pennsylvania limited liability company;<br><br>   Plaintiffs,<br><br>   vs.<br><br>SUPERNOVA MEDIA, INC., a New York corporation; JOYCELYN ENGLE a/k/a JOYCELYN DIPALMA, an individual; JULIANNE MICHELLE, an individual; and Does 1-100,<br><br>   Defendants. | MEMORANDUM DECISION AND ORDER DISMISSING CASE FOR LACK OF JURISDICTION<br><br><br><br><br><br>Case No. 2:08-CV-880 TS |

I.  INTRODUCTION

Before the Court is Defendants'[1] combined Motion to Dismiss for Failure to Join

Indispensible Parties and Failure to State a Claim, Motion to Strike, and Motion for More

---

[1]Supernova Media, Inc., Joycelyn Engle, and Julianne Michelle's (collectively, "Defendants").

1

Definite Statement[2]; Plaintiffs'[3] Motion for Temporary Restraining Order and Preliminary

Injunction[4] and Defendants' Motion for Preliminary Injunction.[5]

A hearing was held on these motions on November 4, 2010. At the hearing, Defendants

raised for the first time their contention that complete diversity is lacking and, in the event this

Court grants their Motion to Dismiss Plaintiffs' federal causes of action, this Court would be

divested of subject matter jurisdiction and should dismiss the entire action. The Court ordered

supplemental briefing by both parties on the issue of diversity and the issue is now ripe for

decision.

Having reviewed the parties' respective arguments, the Court finds that Plaintiffs'

federal-question causes of action fail to state claims upon which relief can be granted and

therefore will be dismissed. The Court further finds that complete diversity is lacking between

Plaintiffs and Defendants and the Court is now without subject matter jurisdiction over this case.

The Court will therefore dismiss this action in its entirety for lack of subject matter jurisdiction.

The Court will consequently not address the remaining pending motions.

---

[2]Docket No 98.

[3]Shannon Rainbow, LLC, a Utah limited liability company, Shannon's Rainbow, LLC, a Delaware limited liability company, and Shannon's Rainbow Productions, a Pennsylvania limited liability company (collectively, "Plaintiffs" or the "Shannon's Rainbow LLCs").

[4]Docket No. 141.

[5]Docket No. 158.

## II. RELEVANT BACKGROUND

As this Court has set forth previously, the crux of the controversy between the parties

regards the location and timing of distribution of a motion picture entitled Shannon's Rainbow

(hereinafter, the "Film") created jointly by the parties. Although the parties were near agreement

regarding the details of distribution and other disputed issues, communication once again broke

down after certain terms could not be agreed upon.[6] Because of this impasse, the parties filed

their respective suits in federal court.[7]

In their Second Amended Complaint, Plaintiffs bring fifteen separate causes of action

against Defendants. On April 5, 2010, Defendants moved to dismiss the entire complaint for

Plaintiffs' lack of authority to pursue these causes of action against Defendants and for failure to

join indispensable parties.[8] In the alternative, Defendants request the Court dismiss Plaintiffs'

Complaint under Fed.R.Civ.P. 12(b)(6), and specifically challenge the sufficiency and

plausibility of Plaintiffs' claims of RICO violations, copyright infringement, breach of contract,

fraudulent/negligent misrepresentation, civil conspiracy, intentional interference with economic

relations, conversion, and negligence.

---

[6]*See* Docket No. 90, Ex. 4 (providing various email and letter communications among the parties).

[7]Plaintiffs filed the present action on November 11, 2008, but did not attempt to serve Defendants until April 15, 2009. On that same date, Defendants' attorney refused service and filed a nearly identical action in the Southern District of New York. On January 26, 2010, this Court enjoined Defendants from pursuing their claims in the Southern District of New York. *See* Docket No. 82, at 33.

[8]*See* Docket No. 99.

On July 26, 2010, Plaintiffs moved the Court for a preliminary injunction against Defendants. On August 31, 2010, Defendants moved the Court for a preliminary injunction against Plaintiffs.

After substantial briefing on these matters, the Court held a hearing on November 4, 2010. At the hearing, Defendants contended that diversity was lacking among the parties and that, in the event the Court grants their Motion to Dismiss Plaintiffs' federal causes of action, the Court would be divested of subject matter jurisdiction. The Court ordered supplemental briefing on this issue, which briefing concluded on December 3, 2010.

## III. DISCUSSION

### A. MOTION TO DISMISS UNDER RULE 12(b)(6)

Defendants move the Court to dismiss the entire action under Fed.R.Civ.P. 12(b)(6). For purposes of this Order, however, the Court need only address Plaintiffs' two federal claims of RICO violations and copyright infringement.

#### 1. *Standard for 12(b)(6) Motion to Dismiss*

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[9] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[10] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving

---

[9]*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[10]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

4

party.[11]  But, the court "need not accept . . . conclusory allegations without supporting factual averments."[12]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[13]  The Supreme Court has explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" to survive a motion to dismiss.[14]

> Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.[15]

The Supreme Court recently provided greater explanation of the standard set out in *Twombly* in *Ashcroft v. Iqbal*.[16]  In *Iqbal*, the Court reiterated that while Fed.R.Civ.P. 8 does not require detailed factual allegations, it nonetheless requires "more than unadorned, the-defendant-unlawfully-harmed-me accusation[s]."[17]  "A pleading that offers 'labels and conclusions' or 'a

---

[11]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[12]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[13]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[14]*Twombly*, 550 U.S. at 547.

[15]*The Ridge at Red Hawk, LLC  v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

[16]129 S.Ct. 1937 (2009).

[17]*Id*. at 1949.

formulaic recitation of the elements of a cause of action will not do.'"[18] "Nor does a complaint

suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[19]

The Court in *Iqbal* stated:

> Two working principles underlie our decision in *Twombly*. First, the tenet
> that a court must accept as true all of the allegations contained in a complaint is
> inapplicable to legal conclusions. Threadbare recitals of the elements of a cause
> of action, supported by mere conclusory statements, do not suffice. Rule 8 marks
> a notable and generous departure from the hyper-technical, code-pleading regime
> of a prior era, but it does not unlock the doors of discovery for a plaintiff armed
> with nothing more than conclusions. Second, only a complaint that states a
> plausible claim for relief survives a motion to dismiss. Determining whether a
> complaint states a plausible claim for relief will . . . be a context-specific task that
> requires the reviewing court to draw on its judicial experience and common sense.
> But where the well-pleaded facts do not permit the court to infer more than the
> mere possibility of misconduct, the complaint has alleged—but it has not
> show[n]—that the pleader is entitled to relief.

> In keeping with these principles a court considering a motion to dismiss
> can choose to begin by identifying pleadings that, because they are no more than
> conclusions, are not entitled to the assumption of truth. While legal conclusions
> can provide the framework of a complaint, they must be supported by factual
> allegations. When there are well-pleaded factual allegations, a court should
> assume their veracity and then determine whether they plausibly give rise to an
> entitlement to relief.[20]

*2.    RICO Violations*

Defendants argue that Plaintiffs' claims under RICO fail to state a claim for relief because

Plaintiffs fail to allege a "pattern of racketeering activity,"[21] continuity of criminal activity, or a

---

[18]*Id*. (quoting *Twombly*, 550 U.S. at 555).

[19]*Id*. (quoting *Twombly*, 550 U.S. at 557).

[20]*Id*. at 1949-50 (internal quotation marks and citations omitted).

[21]18 U.S.C. § 1962(c).

RICO enterprise. Additionally, Defendants argue that Plaintiffs lack standing to pursue a civil

RICO violation.

In the Tenth Circuit, "[t]o successfully state a RICO claim, a plaintiff must allege four

elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."[22]

"A 'pattern' requires at least two predicate acts."[23] These predicate acts must be a violation of

certain statutes.[24] Defendants argue that Plaintiffs have failed to allege two predicate acts. In

response, Plaintiffs draw from their Complaint specific allegations of threats and acts of

extortion, interference with commerce, and claims that arise to criminal copyright infringement.[25]

The difficulty in accepting Plaintiffs' assertions, however, is that Plaintiffs appear to be parsing

one discrete instance of extortion into several divisible parts to satisfy the requirement of two

predicate acts. While it is true that Plaintiffs allege that Defendants' agents threatened Plaintiffs'

agent and his family with physical violence and thereby forced Plaintiffs' agent to sign a

document which attempted to grant Defendants all rights and title to the Film, these acts all arose

during the single attempt of extortion.

Even if the Court were to find that Plaintiffs have pled at least two predicate acts,

however, this finding would not end the analysis. "To satisfy RICO's pattern requirement, [a

plaintiff must] allege not only that the defendants had committed two or more predicate acts, but

---

[22]*Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002) (internal quotation marks and citation omitted).

[23]*Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010) (quoting 18 U.S.C. § 1961(5)).

[24]*See* 18 U.S.C. § 1961(1).

[25]*See* Docket No. 112, at 8.

also that the predicates themselves amount to, or that they otherwise constitute a threat of, continuing racketeering activity."[26]  As the United States Supreme Court has explained, "'[c]ontinuity is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition."[27]  The Court further stated "that when Congress said predicates must demonstrate 'continuity' before they may form a RICO pattern, it expressed an intent that RICO reach activities that amount to or threaten long-term criminal activity."[28]

Defendants argue that Plaintiffs have failed to demonstrate sufficient continuity to demonstrate a RICO violation.  In response, Plaintiffs rely heavily upon the fact that the alleged assailants made a threat to return, which has not yet been withdrawn.  In so arguing, Plaintiffs overly emphasize the word "threat" and minimize the requirements of RICO and associated case law.  What Plaintiffs have alleged, at best, are "predicate acts constituting a single scheme . . . to accomplish a discrete goal [—acquiring title of the Film—] directed at a finite group of individuals [—Plaintiffs' members and counsel—] with no potential to extend to other persons or entities."[29]  Such is insufficient to satisfy the RICO test for continuity.[30]

---

[26]*Hall v. Witteman*, 584 F.3d 859, 867 (10th Cir. 2009).

[27]*H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 241 (1989).

[28]*Id.* at 243 n.4.

[29]*Boone v. Carlsbad Bancorporation, Inc.*, 972 F.2d 1545, 1556 (10th Cir. 1992) (internal quotation marks and citation omitted).

[30]*See id.*

Because Plaintiffs have failed to establish the requisite continuity to establish a RICO violation, the Court will dismiss Plaintiffs' Eleventh and Twelfth Causes of Action.  Because of this ruling, the Court need not address Defendants contentions that Plaintiffs lack standing and that Plaintiffs have failed to plead a RICO enterprise.

3.      *Copyright Act Violations*

Defendants argue that Plaintiffs' Copyright Acts claims should likewise be dismissed for failure to state a claim and for insufficient pleadings.

In its Complaint, Plaintiffs allege that Defendants "improperly and without permission of the Company authorized others to distribute the Film"; "have authorized a number of individuals and entities to make copies of and distribute the Film"; and "have made unauthorized copies of the Film . . . and have distributed copies."[31]  Plaintiffs argue that these pleadings rest merely upon bare-bone allegations and fail to meet the requirements of Fed.R.Civ.P. 8 and accompanying case law.  Defendants note that the Complaint alleges no time-frame wherein the purported acts occurred and the specific claims of Defendants making copies or authorizing others do to so lacks any factual support in the preceding allegations.

The Court notes that, in carefully reviewing Plaintiffs' response to these arguments, Plaintiffs do not appear to defend their allegations that Defendants made copies or authorized others to do so.  Instead, Plaintiffs focus their response on Defendants' activities which allegedly violate Plaintiffs' exclusive right to *distribute* the Film.  Thus, with regard to Plaintiffs' allegations that Defendants made copies or authorized others to do so, it appears that "the

---

[31]Docket No. 90 ¶¶ 509-11.

complaint has alleged—but not show[n]—that the pleader is entitled to relief."[32]  Plaintiffs have

failed to bring specific factual allegations showing a plausible claim based on copying.  In

reviewing the Complaint, the Court can find only the one sentence reciting the bare-bone

allegation of copying.  Therefore, the Court will dismiss these claims.

With regards to Plaintiffs' remaining claims under the Copyright Act—namely, that

Defendants violated Plaintiffs' exclusive right to distribute—Defendants contend that Plaintiffs

have failed to state a claim upon which relief can be granted.  According to Defendants, the case

law suggests that an infringement of the exclusive right to distribute requires actual

dissemination of a copy of the work.[33]  Indeed, in *Atlantic Recording Corp.*, the district court

found that "[t]he general rule, supported by the great weight of authority, is that 'infringement of

[the distribution right] requires an actual dissemination of either copies or phonorecords.'"[34]  In

response, Plaintiffs cite to *Elektra Entertainment Group, Inc. v. Barker*,[35] where that district court

---

[32]*Iqbal,* 129 S.Ct. at 1949.

[33]*Atl. Recording Corp. v. Howell*, 554 F. Supp. 2d 976, 982 (D. Ariz. 2008).

[34]*Id.* (quoting *Nat'l Car Rental Sys. v. Computer Assocs. Int'l, Inc.*, 991 F.2d 426, 434 (8th Cir. 1993); *see also Perfect 10, Inc. v. Amazon.com, Inc.*, 487 F.3d 701, 718 (9th Cir. 2007) ("[T]he district court's conclusion [that distribution requires an 'actual dissemination'] is consistent with the language of the Copyright Act."); *In re Napster, Inc. Copyright Litig.*, 377 F. Supp. 2d 796, 802 (N.D. Cal. 2005) (listing authority "that supports [the] view that distribution of a copyrighted work requires the transfer of an identifiable copy of that work"); 2 DAVID NIMMER & MELVILLE B. NIMMER, NIMMER ON COPYRIGHT § 8.11[A], at 8-149 (2007) ("Infringement of [the distribution right] requires an actual dissemination of either copies or phonorecords."); 4 WILLIAM F. PATRY, PATRY ON COPYRIGHT § 13:9, at 13-13 (2007) ("Without actual distribution of copies of the [work], there is no violation of the distribution right."); 2 PAUL GOLDSTEIN, GOLDSTEIN ON COPYRIGHT § 7.5.1, at 7:125 to 7:126 (3d ed. 2005) ("[A]n actual transfer must take place; a mere offer for sale will not infringe the right.").

[35]551 F. Supp. 2d 241 (S.D.N.Y. 2008).

held that the offer to distribute copies can violate the distribution right of the Copyright Act.[36]  In

so holding, the district court engaged in a detailed evaluation of the committee reports and

legislative history surrounding the passage of the Copyright Act.  In announcing its holding that a

mere sale can constitute a violation of the exclusive right of distribution, notably absent from the

*Elektra* court's opinion is any citation to supporting case law.  Instead, the district court provides

a lengthy list of citations of contrary authority.[37]

Unfortunately for this Court, the Tenth Circuit has not yet weighed-in on this issue.  In

light of the numerous authorities holding that violation of the exclusive right of distribution

requires an actual dissemination of a copy of the work, the Court will adopt this interpretation of

the law.  To hold otherwise would significantly expand the rights available under the Copyright

Act and run contrary to the holdings of several circuits on the authority of one dissenting district

court.

Because the Court interprets distribution to require actual dissemination of a copy,

Plaintiffs' claim fails as a matter of law.  Under the facts alleged by Plaintiffs, Defendants failed

at their attempts to market the Film and therefore never distributed an actual copy of the Film.

Such activity is insufficient to constitute a violation of the exclusive right of distribution

protected by the Copyright Act.  Therefore, the Court will dismiss Plaintiffs' Fourteenth Cause of

Action.

---

[36]*Id.* at 242.

[37]*Id.* at 243.

B.      DISMISSAL FOR LACK OF DIVERSITY

At the November 4, 2010 hearing, and in its supplemental briefing, Defendants argue that complete diversity is lacking and that the Court should therefore dismiss this action for lack of subject matter jurisdiction.

This Court held previously in this action that "an LLC is a citizen of every state in which its members reside."[38] Defendants contend that the members of the Plaintiff entities include the primary investors, Joseph Di Palma, and Stewart Rahr. Mr. Di Palma has a primary residence in Nevada, and a secondary residence in New York. Mr. Rahr is a resident of New York.

In response, Plaintiff argues that Di Palma and Rahr were never members of the Plaintiff entities. Plaintiff argues that the two never invested in Shannon's Rainbow Pennsylvania, have consistently denounced any membership in Shannon's Rainbow Utah, and never finalized their investment paperwork for Shannon's Rainbow Delaware.

In reviewing the parties respective arguments, the Court agrees that Di Palma and Rahr are not members of Shannon's Rainbow Pennsylvania and Shannon's Rainbow Utah. However, the Court finds that the record clearly demonstrates that Di Palma and Rahr are members of Shannon's Rainbow Delaware.[39] Thus, Shannon's Rainbow Delaware, for diversity purposes, shares its citizenship with its members Di Palma and Rahr and is therefore a citizen of Nevada and New York.

---

[38]*Shannon's Rainbow, LLC v. Supernova Media, Inc.*, 683 F. Supp. 2d. 1261, 1266 (D. Utah 2010).

[39]*See* Docket No. 90, Ex. 14.

Defendant Supernova Media, Inc. is a citizen of New York.[40]  Defendants Engle and

Michelle are family members of Di Palma and live with him at both his primary Nevada and

secondary New York residences.  Therefore, Engle and Michelle share Di Palma's citizenship,

whether in Nevada or New York.  Because Shannon's Rainbow DE and all Defendants share the

same citizenship, complete diversity is lacking.

In response, Plaintiffs argue that diversity is not lacking at least to Shannon's Rainbow

Pennsyvlania and Shannon's Rainbow Utah and the Court should therefore not dismiss the case.

In asserting diversity jurisdiction, Plaintiffs improperly focus its analysis only on some of the

Plaintiff entities' citizenship vis-a-vis some of the Defendants.  However, under long-established

precedent, "diversity jurisdiction requires complete diversity of citizenship as between all

plaintiffs and all defendants."[41]  Shannon's Rainbow Delaware and the Defendants are of the

same citizenship.  Therefore, diversity is lacking and Plaintiffs' assertion of diversity jurisdiction

fails.

The Court notes that this case was originally filed on the basis of diversity jurisdiction.

As Di Palma and Rahr have been members of Shannon's Rainbow Delaware from the filing of

the Complaint, diversity has been lacking since the inception of this suit.  Moreover, although

Plaintiff filed an Amended Complaint which included federal causes of action, the Court has now

dismissed all these claims.  Because no federal question exists, and complete diversity is lacking

---

[40]*Id.* ¶ 5.

[41]*Connectu LLC v. Zuckerberg*, 522 F.3d 82 (1st Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806)).

among the parties, this Court is without subject matter jurisdiction.[42]  Therefore, the Court will

dismiss this action pursuant to Fed.R.Civ.P. 12(b)(1).

### IV.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion to Dismiss for Failure to State a Claim (Docket No.

98) is GRANTED as to Plaintiffs' RICO and copyright violation claims.  It is further

ORDERED that because the Court lacks subject matter jurisdiction on Plaintiff's

remaining claims, the case is DISMISSED pursuant to Fed.R.Civ.P. 12(b)(1).  The remaining

pending motions are DENIED as MOOT.

The Clerk of the Court is directed to close this case forthwith.

DATED   January 31, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[42]Although Plaintiff does not argue that the Court should retain jurisdiction under its 28 U.S.C. 1367 supplemental jurisdiction, the Court further declines to exercise its supplemental jurisdiction over Plaintiffs' remaining claims because the Court has now dismissed all claims over which it had original jurisdiction.  *See* 28 U.S.C. 1367(c)(3).